[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
MOTION TO ENFORCE THE AUTOMATIC STAY OF EXECUTION ON APPEAL
The defendant, Connecticut Hospital Management Corporation, d.b.a. Stonington Institute, obtained approval of a site plan CT Page 11340 from the defendant, Planning Zoning Commission of the Town of North Stonington. The site plan as approved permitted Stonington Institute "to remove certain buildings and improvements and to construct certain buildings and improvements. . ." Amended Complaint, ¶¶ 1 and 2; Answer, ¶ 1.
Plaintiff, Mildred P. Borden, "is the owner of land which is within a radius of 100 feet of the [subject] land." Amended Complaint, ¶ 9; Answer, ¶ 3.
This is plaintiff's appeal of the defendant board's approval of the site plan.
On June 21, 1998, this appeal was dismissed. [116]
On September 9, 1998, the Appellate Court granted certification to appeal the dismissal. See C.G.S. § 8-8(o) and P.B. § 81-1.
Plaintiff has filed the instant Motion To Enforce The Automatic Stay of Execution On Appeal. In it, plaintiff claims Stonington Institute
 is now proceeding with major, new building on the premises, including framing of a two-story infirmary/office, despite the pending Appeal and the objections of the Plaintiff that it is a clear violation of the zoning regulations and the Automatic Stay. Motion To Enforce The Automatic Stay of Execution On Appeal, ¶ 8.
Plaintiff's motion states it is made under the authority of section 61-11 of the Practice Book. At oral argument, counsel for plaintiff confirmed that the sole authority for the motion was § 61-11. It provides:
 In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed, such proceedings shall be stayed until the final determination of the cause; and, if the case goes to judgment on appeal, until ten days after the decision is officially released. . . P.B. § 61-11.
CT Page 11341
There are no "proceedings to enforce or carry out the judgment" taking place. Nor could there be. The very nature of the judgment being appealed, a dismissal, belies anything to be enforced or carried out. There is no "proceeding" to be stayed.
Plaintiff asks this court to order Stonington Institute
 to cease all activity at the premises under the purported site plan approval which is the subject of and underlies Plaintiff's appeal, including construction, demolition, excavation, grading filling, erosion control, and the like during the pendency, and until final determination of the Appeal or until further Order of this Court. Motion To Enforce The Automatic Stay of Execution On Appeal, pp. 4-5.
Whatever construction is taking place at the Stonington Institute is not a "proceeding to enforce or carry out the judgment." The relief requested is beyond the realm of section 61-11.
What plaintiff seeks contravenes an express provision of the statute under which plaintiff appealed to this court.
 The appeal [to the superior court] shall not stay proceedings on the decision appealed from. However, the court to which the appeal is returnable may grant a restraining order, on application, and after notice to the board and cause shown. C.G.S. § 8-8(g).
At this stage of the case — appeal to the Appellate Court of this court's dismissal of the appeal — this court would be hard pressed to find cause and act under the authority of C.G.S. §8-8(g) even if it were asked to do so; which plaintiff has not.
The court's action on this Motion To Enforce The Automatic Stay of Execution On Appeal must not be taken as any indication of its view of the substantive issues involved in the appeals to this court and the Appellate Court.
The plaintiff's Motion To Enforce The Automatic Stay of Execution On Appeal is denied.
Parker, J. CT Page 11342